# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NATALIE LOVE-BUTLER,<br>                    Appellant, | DOCKET NUMBER<br>DC-0432-21-0340-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY,<br>                    Agency. | DATE: August 9, 2023 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Natalie Love-Butler</u>, Washington, D.C., pro se.

<u>Juan Pablo Perez-Sangimino</u>, Esquire, and <u>Marsha Stelson Edney</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her performance-based reduction in grade and denied her affirmative defenses of denial of a reasonable accommodation and disparate treatment disability discrimination. For the reasons discussed below, we GRANT the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2　　At the time relevant to this appeal, the appellant was employed as a Technical Assistant at the NB-0303-IV level with the agency's Office of the Comptroller of the Currency's Office of Communications. Initial Appeal File (IAF), Tab 6 at 43. Effective April 8, 2020, the appellant was placed on a performance improvement plan (PIP)[2] based on her unacceptable performance in three skills elements, including Administrative Knowledge and Skills, Technology Skills, and Interpersonal Skills. IAF, Tab 7 at 8. At the conclusion of the PIP, the appellant's supervisor determined that, although the appellant's performance improved to an acceptable level in the Administrative Knowledge and Skills and Interpersonal Skills elements, her performance in the Technology Skills element remained unacceptable. *Id.* at 64-68. Therefore, the agency reduced her from an NB-0303-VI level to an NB-0303-III level. *Id.* at 55-59.

¶3　　The appellant appealed her reduction in grade to the Board. IAF, Tab 1. She also raised the affirmative defenses of failure to provide a reasonable accommodation, disparate treatment disability discrimination, reprisal for filing an equal employment opportunity (EEO) complaint, and reprisal for filing a grievance. IAF, Tab 1 at 12-13, Tab 6 at 3-7, Tab 17 at 6. After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming the appellant's reduction in grade and finding that she failed to prove her claims of failure to accommodate and disparate treatment disability discrimination. IAF, Tab 22, Initial Decision (ID).

---

[2] The agency's iteration of a PIP is referred to as a notice of opportunity to improve performance in the record.

¶4      The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  She continues to argue the merits of her reduction in grade, and she reraises her claims of reprisal for filing an EEO complaint and reprisal for filing a grievance.  *Id.* at 4.  The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      In the initial decision, the administrative judge appropriately concluded that the agency proved by substantial evidence the following:  the agency communicated to the appellant the performance standards and critical elements of her position; the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); the appellant's performance was at an unacceptable level in one or more critical elements prior to her placement on the PIP; it communicated to her and warned her of the inadequacies of her performance; it provided her with an adequate opportunity to improve; and her performance nonetheless remained at an unacceptable level in at least one critical element after the opportunity to improve.[3]   ID at 12; *see Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355, 1360-61 (Fed. Cir. 2021); *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 6 (2013).  The appellant's arguments on review regarding these elements do not provide a basis to disturb the administrative judge's findings.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and reached well-reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

---

[3] The agency also bears the burden of proving that the Office of Personnel Management (OPM) approved its performance appraisal system and any changes thereto.  *See Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 6 n.5 (2013).  In the initial decision, the administrative judge observed that the parties stipulated that OPM had approved the agency's performance appraisal system, and thus, he did not discuss this element further.  ID at 12 & n.5; IAF, Tab 16 at 19.

¶6      Regarding the appellant's affirmative defenses of failure to accommodate and disparate treatment disability discrimination, the administrative judge found that the agency ultimately provided the appellant with her requested accommodation of maximum telework and that the appellant did not present any evidence that her disability motivated the agency's decision to reduce her grade in any way.[4]  ID at 20-22; *see Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 40 (applying a motivating factor causation standard to disparate treatment disability discrimination claims).  Accordingly, he denied both affirmative defenses.  ID at 20-22.  The appellant has not challenged these findings on review.  PFR File, Tab 1.  Based on our review of the record, we agree with the administrative judge's conclusions as set forth here.[5]  *See Crosby*, 74 M.S.P.R. at 105-06; *Broughton*, 33 M.S.P.R. at 359.

---

[4] In the initial decision, the administrative judge cited to *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), in his discussion of what evidence may be relied upon to show that the appellant's disability was a motivating factor in the agency's performance-based action.  ID at 22.  In *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25, the Board clarified the methods of proof by which an appellant may prove discrimination as an affirmative defense as set forth in *Savage*.  In the instant appeal, the administrative judge's discussion of direct and circumstantial evidence is consistent with the methods of proof set forth in *Pridgen* in that he did not discard any evidence suggesting that the agency's reason for taking the performance-based action was pretextual.  ID at 22; *see Pridgen*, 2022 MSPB 31, ¶ 24.  As such, the outcome of the appellant's discrimination claims would not change under *Pridgen*, and the administrative judge's findings need not be disturbed.

[5] In arriving at his conclusion regarding the appellant's disparate treatment disability discrimination claim, the administrative judge stated that his conclusion presupposes, without finding, that the appellant had a disability within the meaning of the law.  ID at 22 n.7.  He explained that, because there was no evidence of disparate treatment, he need not reach the question of whether the appellant has an impairment that substantially limits a major life function.  ID at 22 n. 7; *see* 29 C.F.R. § 1630.2(g).  In *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 29, the Board recently clarified that only an otherwise qualified individual with a disability is entitled to relief under the Americans with Disabilities Act (ADA) of 1990 for a claim of status-based discrimination or denial of reasonable accommodation.  Because we agree with the administrative judge that the appellant failed to establish that she was ultimately denied her requested accommodation and that her disability was a motivating factor in her reduction in grade, we discern no error in the administrative judge's decision to omit

¶7    As noted above, on review, the appellant argues that her placement on the PIP and reduction in grade were taken in reprisal for filing an EEO complaint and for filing a grievance. PFR File, Tab 1 at 4. The appellant raised these arguments below both in her initial appeal and her prehearing submissions. IAF, Tab 1 at 12-13, 18-19, Tab 17 at 6-7. Nonetheless, the administrative judge did not provide the appellant with any information about how she could prove these claims, nor did he address these claims in either of his two orders and summaries of the prehearing conference or in the initial decision. IAF, Tabs 9, 18.

¶8    The Board has recently affirmed the general proposition that, when an appellant raises an affirmative defense, the administrative judge must address the affirmative defense in a close of record order or prehearing conference summary. *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 10, 17 n.7. In circumstances when the administrative judge fails to address the affirmative defense in the adjudication of the appeal, the Board has set forth a nonexhaustive list of factors to be considered when determining whether remand is necessary for an administrative judge to address the affirmative defense. *Id.*, ¶ 18. Those factors include: (1) the thoroughness and clarity with which the appellant raised an affirmative defense; (2) the degree to which the appellant continued to pursue the affirmative defense in the proceedings below after initially raising it; (3) whether the appellant objected to a summary of the issues to be decided that failed to include the potential affirmative defense when specifically afforded an opportunity to object and the consequences of the failure were made clear; (4) whether the appellant raised the affirmative defense or the administrative judge's processing of the affirmative defense claim in the petition for review; (5) whether the appellant was represented during the course of the appeal before

from the initial decision any analysis or finding on the question of whether the appellant was a qualified individual with a disability. A finding that the appellant failed to establish the causation element forecloses any entitlement to relief under the ADA, regardless of whether the appellant can prove that she is a qualified individual with a disability.

the administrative judge and on petition for review, and if not, the level of knowledge of Board proceedings possessed by the appellant; and (6) the likelihood that the presumptive abandonment of the affirmative defense was the product of confusion, or misleading or incorrect information provided by the agency or the Board. *Id.*

¶9    Applying these factors, we recognize that the administrative judge's order and summary of the prehearing conference, which did not include any discussion of the appellant's reprisal claims, provided the appellant with a clear opportunity to object to his framing of the issues and that she did not do so. IAF, Tab 9 at 8, Tab 18 at 8. However, no individual factor is dispositive in determining whether an appellant will be deemed to have waived or abandoned a previously identified affirmative defense. *See Thurman*, 2022 MSPB 21, ¶ 18. Regarding the remaining factors, the appellant's claim that the agency placed her on the PIP and reduced her grade in reprisal for filing an EEO complaint and a grievance was clearly set forth in her two pleadings below, one of which was submitted after the administrative judge preliminarily defined the issues. IAF, Tab 1 at 7, 12-13, Tab 9 at 3-7, Tab 17 at 6, 12. Further, she submitted evidence that purports to support these claims. IAF, Tab 17 at 16-23. As noted, the appellant raised these claims of reprisal again on review in her single-paragraph pleading challenging the initial decision. PFR File, Tab 1 at 4. Finally, the appellant has proceeded pro se during both the adjudication of her appeal below and on review. Based on the foregoing, we find that the appellant did not waive or abandon her affirmative defenses of reprisal for filing an EEO complaint and grievance, and we remand this appeal for the administrative judge to consider these claims.[6]

---

[6] With the appellant's petition for review, she submitted several documents that appear to reflect her communication with her supervisor during the PIP. PFR File, Tab 1 at 5-20. Some of these documents are included in the record below. IAF, Tab 16 at 177-81; PFR File, Tab 1 at 11-15. To the extent that any of the newly-submitted documents were not included in the record below, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it

## ORDER

¶10     For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

¶11     On remand, the administrative judge shall provide the appellant with notice and information on how she can prove her claims of reprisal for filing an EEO complaint and reprisal for filing a grievance. Additionally, the administrative judge shall take additional evidence and/or hold a supplemental hearing to fully develop the record on this issue.

¶12     After fully adjudicating the appellant's claims of reprisal, the administrative judge shall then issue a remand initial decision, making findings on these claims. In that remand initial decision, the administrative judge may incorporate his findings regarding the merits of the appellant's performance-based reduction in grade and her other affirmative defenses of failure to accommodate and disparate treatment disability discrimination. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.

---

was unavailable before the record closed despite the party's due diligence. *Chin v. Department of Defense*, 2022 MSPB 34, ¶ 8; *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Here, all the documents submitted with the appellant's petition for review predate the close of the record and thus were available before the record closed. The appellant has not explained why she was unable to submit them then, nor has she explained how they are otherwise of sufficient weight to warrant an outcome different than that of the initial decision as it relates to the merits of the reduction in grade. Nonetheless, to the extent any of the documents submitted on review relate to the appellant's affirmative defenses of reprisal for filing an EEO complaint and a grievance, the administrative judge should consider them on remand.